# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VILLATORO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JERRY BROWN, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00971-GBC (PC)<br><br>ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>Doc. 1<br><br>THIRTY DAY DEADLINE |

### I. Procedural History and Plaintiff's Allegations

On May 27, 2011, Plaintiff Jorge Villatoro ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference to medical need by the medical department at Wasco State Prison and Pleasant Valley State Prison. Compl. at 3, Doc. 1. In Plaintiff's complaint, he states that he completed exhaustion of administrative remedies. *Id.* at 2. However, he notes that "Plaintiff filed a grievance in compliance with the rules and regulations and court. The defendants have failed to respond to any of the grievance or complaints." *Id.* Plaintiff does not submit further information demonstrating that he exhausted through the third level of review. *See id.*

### II. Failure to Exhaust Administrative Remedies

#### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In deciding . . . failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

It is apparent from the face of Plaintiff's complaint that he did not exhaust his administrative remedies prior to bringing this lawsuit. *See* Compl at 3, Doc. 1. Plaintiff states he exhausted his administrative remedies but also notes that Defendants never responded to his grievance. *Id.* The Court notes that the administrative remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 435 U.S. at 524; *Booth*, 532 U.S. at 739-40 & n.5. In Plaintiff's complaint, he contends that he did not receive a response to his grievance. ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") *See Booth*, 532 U.S. at 741 n.6. After Plaintiff did not receive a response to his inmate appeal, he was not permitted to determine exhaustion futile, but was obligated to treat his grievance as denied and file an appeal, in accordance with *Booth*, 532 U.S. at 741 n.6.

In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Ngo*, 548 U.S. at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

It is apparent on the face of Plaintiff's complaint that he did not exhaust his administrative remedies through the third level of review prior to bringing this lawsuit. *See* Compl. at 3, Doc. 1. Moreover, Plaintiff concedes that Defendants did not respond to his grievance. *Id.* Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### III. Conclusion

Based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** of the service of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated:   May 24, 2012

UNITED STATES MAGISTRATE JUDGE