# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VILLATORO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JERRY BROWN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:11-cv-00971-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On May 27, 2011, Plaintiff Jorge Villatoro ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference to medical need by the medical department at Wasco State Prison and Pleasant Valley State Prison. Compl. at 3, Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 676; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names Jerry Brown, Governor of California; Medical Department at Wasco State Prison ("WSP"); Medical Department at Pleasant Valley State Prison ("PVSP"); and Doe Defendant Doctors and Nurses. Compl. at 1, 4-5, Doc. 1. Plaintiff states that Defendants have failed to respond to his inmate appeals. *Id.* at 6.

In mid 2008, Plaintiff started experiencing low back pain while incarcerated at WSP. *Id.* at 7. The pain became so severe that Plaintiff requested help from the medical department. *Id.* Plaintiff was seen by a doctor and scheduled x-rays. *Id.* After weeks of waiting, Plaintiff noticed a lump on his lower back. *Id.* The pain became more severe, so that Plaintiff could not lay on his back and had problems sleeping. *Id.* The doctor at WSP reviewed the x-rays and said there was nothing wrong. *Id.* After Plaintiff continued to complain, he was scheduled for more x-rays, and the same doctor said there was nothing wrong, forcing Plaintiff to suffer in extreme pain. *Id.*

Plaintiff was forced to endure this pain for more than a year before being transferred to PVSP. *Id.* By this time, the lump on Plaintiff's back was the size of a softball. *Id.* Upon arrival at PVSP, Plaintiff was scheduled for another x-ray. *Id.* After finding out that he already had two (2) x-rays, he was scheduled for an ultrasound, and the test found that the large mass on Plaintiff's back was cancer. *Id.* Plaintiff had this mass removed by an outside hospital and then denied follow up treatment by PVSP and their staff. *Id.* Plaintiff alleges Eighth amendment deliberate indifference. *Id.* at 8.

For relief, Plaintiff seeks declaratory relief; compensatory damages of $100 a day per violation from each defendant; compensatory damages of $350,000 from each defendant; and punitive damages of $110 a day for each violation. *Id.* at 10-11.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### B. Improper Defendants

Defendants Medical Department at Wasco State Prison and the Medical Department at Pleasant Valley State Prison are not persons that can be sued under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *see also, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1992) (finding that a prison's medical department is not a "person" within the meaning of § 1983); *O'Haire v. Napa State Hosp.*, 2009 WL 2447752, at *1 (N.D. Cal. 2009) (finding California Dep't of Health and Napa State Hospital are not persons under § 1983); *Castillo v. Blanco*, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007) ("[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983").

As such, Plaintiff has not stated a claim under § 1983 against the governmental entities responsible for the Medical Department at Wasco State Prison and the Medical Department at Pleasant Valley State Prison, and they are dismissed as improper defendants.

### C. Eighth Amendment Deliberate Indifference to Serious Medical Need and Linkage

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett*, 439 F.3d at 1096 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Defendants were indifferent by failing to treat his back pain. Compl. at 7, Doc. 1. However, Plaintiff's complaint demonstrates that Defendants were not indifferent to Plaintiff's complaints but performed x-rays and later, an ultrasound. *Id.* Plaintiff's allegations may, at most, amount to negligence, which is

insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that defendants failed to treat him following his surgery. Plaintiff does not

allege he was in any pain, only that defendants failed to follow up. Compl. at 7, Doc. 1. Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48.  <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff failed to link a named defendant to his allegations of deliberate indifference to medical need. Plaintiff made vague allegations regarding submitting grievances and a denial of treatment for his pain, but he failed to state that a named defendant actually knew and disregarded Plaintiff's serious medical need pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be dismissed for failure to state a claim upon which relief may be granted.

### D. Supervisory Liability

Simply naming Jerry Brown, Governor of California, as a defendant is insufficient to hold him liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Jerry Brown, Governor of California, based upon supervisory liability.

### E. Personal Participation and Doe Defendants

Plaintiff fails to allege any facts personally linking the doe defendants to the alleged rights violations. There is no evidence that the doe defendants personally participated in the events alleged in Plaintiff's complaint, and a doe defendant cannot be held liable based solely upon a supervisory position. Plaintiff cannot proceed against this doe defendant unless he alleges how each personally

violated, or knowingly directed a violation of his constitutional rights. Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

//
//
//
//
//
//
//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    August 10, 2012

UNITED STATES MAGISTRATE JUDGE