# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VILLATORO, | CASE NO. 1:11-cv-00971-GBC (PC) |
| Plaintiff, | SECOND ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S CONCESSION OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| JERRY BROWN, et al., | |
| Defendants. | Docs. 1, 10, 12, 15 |
| | / TWENTY-ONE DAY DEADLINE |

## I. Introduction and Background

On May 27, 2011, Plaintiff Jorge Villatoro ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. In Plaintiff's complaint, he alleged he had exhausted his administrative remedies, but stated "Plaintiff filed a grievance in compliance with the rules and regulations and court. The defendants have failed to respond to any of the grievance or complaints." Compl. at 2, Doc. 1. On May 24, 2012, the Court issued an order to show cause as to why this action should not be dismissed, without prejudice, for Plaintiff's concession of failure to exhaust administrative remedies. Doc. 10. On July 16, 2012, Plaintiff filed a response to the order to show cause, stating he was very ill, which precluded him from filing a timely grievance. Doc. 12.

On August 10, 2012, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Doc. 14. On September 12, 2012, Plaintiff filed a motion for extension of time to file an amended complaint, stating he needs more time to obtain the status and completion of the medical 602 inmate appeal pertaining to the current litigation. *See* Mot. Ext. File Am. Compl. at 1, Doc. 15.

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1  the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262,
2  1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v.*
3  *Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed
4  more than fifteen working days after deadline).

5       A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no
6  exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th
7  Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's
8  assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First*
9  *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  In deciding . . . failure to exhaust administrative
10 remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315
11 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative
12 remedies, the proper remedy is dismissal without prejudice. *Id.*

13      **B. Analysis**

14      A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no
15 exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120. As stated above,
16 in Plaintiff's motion for extension of time to file an amended complaint, he concedes non-
17 exhaustion, stating he needs more time to obtain the status and completion of the medical 602 inmate
18 appeal pertaining to the current litigation. *See* Mot. Ext. File Am. Compl. at 1, Doc. 15. "[A] district
19 court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is
20 exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied*,
21 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per
22 curiam)). In Plaintiff's response to the first order to show cause, he stated that he could not timely
23 exhaust due to illness. Doc. 12. However, in Plaintiff's motion for extension of time, he concedes
24 that he has a pending 602 inmate appeal pertaining to the instant action. Doc. 15. Therefore, Plaintiff
25 conceded non-exhaustion and the proper result is dismissal, without prejudice.

26      In *Ngo*, the Supreme Court held that "full and proper exhaustion of administrative remedies
27 is necessary, which means using all steps that the agency holds out, and doing so properly (so that
28 the agency addresses the issues on the merits)." *See Ngo*, 548 U.S. 81, 84, 90, 94. "Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91, 103. While the Supreme Court recognized that this may be harsh and will prevent certain prisoner cases from proceeding, the "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85. Plaintiff concedes that he failed to exhaust all his mandatory administrative remedies against defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### III. Conclusion

Based on the foregoing, it is HEREBY ORDERED that within **twenty-one (21) days** of the service of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed, without prejudice, for Plaintiff's concession of failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated:   September 18, 2012

UNITED STATES MAGISTRATE JUDGE